UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                                                 Case No. 19-C-182

TOMMY LEE JENKINS,

        Defendant.

## ORDER

On June 15, 2020, Defendant Tommy Lee Jenkins was sentenced to ten years in prison, to be followed by lifetime supervised release, for the crime of using a facility and means of interstate commerce to entice and coerce a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). Judgment was entered on June 17, 2020 and Jenkins did not appeal. On November 9, 2020, less than five months after his sentencing and while still at the inception of his prison term, the defendant filed a motion for early termination of supervised release. The motion was denied as premature. As noted in this Court's November 12, 2020 decision, this was not Jenkins' first offense. In September 2012, he was placed on probation for four years following his first conviction on four counts of child abuse recklessly causing harm in Winnebago County. In that case, Jenkins was originally arrested and charged with first-degree sexual assault of a child and repeated sexual assault of the same child. The charges were apparently reduced upon consideration of the defendant's history of developmental disorders, intelligence deficits, and other physical and mental health disorders that are described in the presentence report. The presentence report also documented several other arrests between 2010 and 2019 involving allegations of sexual

misconduct with children. It was for this reason that the court imposed lifetime supervision following the defendant's prison term.

On February 10, 2022, Jenkins filed a motion for a sentence reduction, requesting this court "look at my [c]ase one more time, to see if you can do somethang (sic) about my prison and paper time." indicating that he thinks his 120-month sentence and lifetime supervision are too long for his case.

Jenkins' guideline range was 135 – 168 months, and he was sentenced to the 120-month mandatory minimum term of imprisonment. Jenkins cites no factor that would allow reduction and this Court is not aware of one. Rule 35 of the Federal Rules of Criminal Procedure sets forth a district court's authority to correct or reduce a defendant's sentence. Under that Rule, a court has no authority to reduce a lawfully imposed sentence unless the government files a motion seeking such relief within a year after the sentence is imposed citing substantial assistance provided by the defendant in the investigation or prosecution of another case. The government has filed no such motion here. Under these circumstances, the Court has no authority to grant Jenkins' motion. Accordingly, the motion is denied.

**SO ORDERED** at Green Bay, Wisconsin this ___22nd___ day of February, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2